IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| James Lee Stewart, | NO. C 05-04131 JW |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE** |
| Leland Stanford Junior University, and Julie Hardin-Stauter, and Does 1 through 100, inclusive, | |
| Defendant(s). | |

## I. INTRODUCTION

Plaintiff James Lee Stewart ("Plaintiff") initiated this suit against Defendant Stanford University ("Stanford") and Julie Hardin-Stauter (collectively "Defendants"), alleging (1) wrongful termination against both Defendants; (2) breach of contract against Stanford; and (3) breach of implied contract against Stanford. Defendants removed the instant action to this Court, as Plaintiff's suit is governed by the Labor Management Relations Act (29 U.S.C. § 185) ("LMRA"). Presently before the Court is Defendants' Motion to Dismiss ("Motion") for preemption and for failure to state a claim upon which relief can be granted. This Motion was heard before the Court on March 20, 2006. Upon consideration of the briefs filed to date and the oral arguments of counsel, the Court GRANTS Defendants' Motion to Dismiss with prejudice.

## II. BACKGROUND

Plaintiff is a former employee of Defendant Stanford, where he worked as a painter from November of 1997 through his termination in October of 2004. Defendant Hardin-Stauter was Plaintiff's supervisor during his employment at Stanford. (Compl., ¶¶ 12-15.)

Plaintiff's employment was governed by a Collective Bargaining Agreement ("CBA"), entered into between United Stanford Workers Local 715, S.E.I.U., AFL-CIO ("Union") and Defendant Stanford. (Compl., ¶¶ 6, 10.) Plaintiff acknowledges that the CBA designated Plaintiff's position as being within the collective bargaining unit, and Plaintiff's membership with the Union was a condition precedent to his employment by Defendant Stanford. (Plaintiff's Opposition to Defendants' Motion to Dismiss, hereinafter "Opp'n," Docket Item No. 16, at 2:13-14.) The CBA defines the terms of Plaintiff's employment, and establishes procedures for the evaluation of his job performance, discipline, and termination. The CBA provisions relevant to this matter are as follows:

C. <u>Grievances and Arbitration</u>

<u>Paragraph 12</u>
The purpose of the procedure set forth below is to provide the University and the Union with an orderly means of resolving disputes which may arise between them.

<u>Paragraph 13</u>
The Union agrees that *this [grievances and arbitration] procedure* shall be in lieu of any other formal procedure established by the University for the resolution of grievances and *shall be the exclusive means for the resolution of workers' and Union grievances or claims against the University*.

<u>Paragraph 15</u>
A grievance is a claim by a worker against the University concerning the worker's wages, hours, working conditions, or any other conditions of employment and involving the interpretation or application of this Agreement.... The term "grievance" does not include any claim or dispute concerning an action or inaction by one or more other workers.

<u>Paragraph 40</u>
A worker shall have the right at all Steps specified in the grievance and arbitration procedure to have the assistance of up to two representatives of the Union (the steward designated by the Union for the Grievant's unit pursuant to I.E., a Union office or the worksite organizer.

(emphasis added) (Declaration of Melissa Burke in Support of Defendants' Motion to Dismiss, hereinafter "Burke Declaration," Docket Item No. 6-2.)[1]

On July 1, 2004, Defendant Stanford issued Plaintiff a warning letter and suspended him from employment for overuse of sick leave, slow work pace, and excessive break time. (Compl. at ¶¶ 15-16.) On August 18, 2004, Defendant Stanford issued Plaintiff a second warning letter based on failure to color match door stains. (Id. at ¶ 18.) On September 20, 2004, Defendant Stanford issued Plaintiff a final warning for excessive time to perform work. (Id. at ¶ 19.) Defendant Stanford terminated Plaintiff's employment on October 1, 2004. (Id. at ¶ 19-20).

Plaintiff commenced this action against Defendants on June 21, 2005 in the Superior Court of the State of California in and for the County of Santa Clara, claiming (1) wrongful termination against both Defendants; (2) breach of contract against Stanford; and (3) breach of implied contract against Stanford. (Compl. at 4:6, 6:14, 9:10.) Defendants removed the instant action to this Court pursuant to the provisions of 28 U.S.C. § 1441 (b), as this is a suit for an alleged violation of a contract between an employer and a member of a labor organization, and therefore raises a federal question under the Labor Management Relations Act (29 U.S.C. § 185). (Notice of Removal, Docket Item No. 1, ¶ 3.)

Defendants subsequently filed a Motion to Dismiss for preemption and for failure to state a claim upon which relief can be granted.

### III. STANDARDS

The strict standard for granting a motion to dismiss under Rule 12(b)(6) is set forth in Conley v. Gibson, 355 U.S. 41 (1957). A motion to dismiss under Rule 12(b)(6) must not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46. As the Ninth Circuit observed, a "motion to dismiss

---

[1] A court may consider the text of a collective bargaining agreement in ruling on a motion for failure to state a claim where, as here, the collective bargaining agreement is referred to in the complaint and its authenticity is not at issue. Stone v. Writer's Guild of America West, Inc., 101 F.3d 1312, 1313-14 (9th Cir. 1996).

3

for failure to state a claim is viewed with disfavor and is rarely granted." Gilligan v. Jamco Develop. Corp., 108 F.3d 246, 249 (9th Cir. 1997).

In ruling on a motion to dismiss, the Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993); Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). However, the court need not accept as true conclusory allegations or legal characterizations. Pareto, 139 F.3d at 699. Also, the court need not accept unreasonable inferences or unwarranted deductions of fact. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. DISCUSSION

### A. Preemption by Labor Management Relations Act

Plaintiff admits that he was a member of the Union as a condition precedent to employment, and does not deny that he was subject to the CBA. (Opp'n at 2:9-12.) Further, there is no dispute between the parties regarding the proper statutory authority and case law that governs conflicts under collective bargaining agreements. (Opp'n at 3:6-7.)

Rather than utilizing the grievance procedures set forth in the CBA, Plaintiff brought an action in Superior Court for the State of California, County of Santa Clara, alleging breach of contract, breach of implied contract and wrongful termination. Plaintiff contends that Defendants' actions constituted a breach of the CBA before the grievance and arbitration procedure commenced, and therefore his suit in a civil court of law is proper. (Opp'n at 11-12.) Defendants contend that because Plaintiff's grievances are governed by the terms of the CBA, any remedy must be sought through exhaustion of the processes outlined in the CBA. (Mem. at 9:19-20.)

The Court finds that Plaintiff's claims will inevitably involve interpretation of the CBA. The substance of Plaintiff's claims are whether he performed his job satisfactorily and whether Defendant Stanford gave him adequate notice and opportunity to improve his job performance. These rights and obligations derive from, and are defined by, the rights and obligations set forth in the CBA,

4

1 which governed Plaintiff's employment.

2     The body of federal common law authorized under the Labor Management Relations Act, section 301, 29 U.S.C. S. 185(a) completely preempts state law claims based on a collective bargaining agreement. <u>Franchise Tax Board v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 23 (1983). The subject of plaintiff's state law breach of contract claims will require interpretation of terms covered by the CBA. Resolution of plaintiff's wrongful termination state law claim also requires the Court to construe provisions of the CBA. Plaintiff's Complaint is therefore preempted by section 301 of the LMRA.

    Federal labor policy requires that employees wishing to assert contract grievances must attempt use of the contract grievance procedure agreed upon by the parties. <u>Republic Steel Corp. v. Maddox</u>, 379 U.S. 650, 652 (1965). Therefore, the Court finds that Plaintiff's exclusive remedy for any grievance he has against Defendant Stanford is the process outlined in his CBA.

### B.    <u>Wrongful Termination by Defendant Hardin-Stauter</u>

    Plaintiff further alleges that his claim against Defendant Hardin-Stauter does not require interpretation of the CBA because the factual determination has nothing to do with the CBA, and the grievance procedures of the CBA are not applicable to disputes between fellow employees. (Opp'n at 4:21-27.) At the hearing, counsel for Plaintiff contended that Defendant Hardin-Stauter carried out Plaintiff's termination for personal reasons, in a willful and malicious manner. However, in the Complaint, Plaintiff alleges no actionable wrong against Defendant Hardin-Stauter, other than that she executed Defendant Stanford's termination. Defendant Hardin-Stauter *was not* Plaintiff's employer. At best, she was acting in a role on behalf of Defendant Stanford, who was the mutual employer of both parties. Accordingly, the claim, as alleged in Plaintiff's complaint, may not be maintained individually against the supervisor, Defendant Hardin-Stauter.

### C.    <u>The Grievance and Arbitration Process</u>

    Plaintiff contends that paragraph 40, setting up the grievance procedure, is ambiguous, as it fails to state that "two representatives of the Union shall be the *sole* representatives of the worker."

(Opp'n at 3:13-24.) Plaintiff further contends that since the CBA does not provide any prohibition against a worker's right to representation by independent legal counsel, Defendants had no contractual basis to deny Plaintiff such counsel. (Id. at 18-24.) Defendants respond that the CBA must be read in its entirety and, in doing so, paragraph 40 unambiguously excludes the right to independent representation regarding disputes covered by the CBA. (Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss, hereinafter "Defs.' Reply," 4:1-27.)

Under the CBA, the exclusive means for resolution of workers' and union grievances or claims against Stanford is grievance and arbitration process culminating in final and binding arbitration. (Burke Declaration, ¶¶ 12-13.) In allowing worker representation by "up to two representatives of the Union" at grievance proceedings in paragraph 40, the CBA, as a whole, necessarily excludes the right to representation other than by "two representatives of the Union" for such proceedings.

It is fundamental union law that the Union is the exclusive representative of all employees in the bargaining unit for the purposes of the CBA terms. 29 U.S.C. § 159 (a); Emporium Capwell Co. v. Western Addition Community Org., 420 U.S. 50, 61-65 (1977). Furthermore, Ninth Circuit authority provides that federal labor statutes disfavor the involvement of privately retained attorneys in grievance proceedings because such participation would undermine the policy of exclusive representation. Castelli v. Douglas Aircraft, 752 F.2d 1483, 1484 (1985). If Defendants had communicated with Plaintiff's independent attorney, such actions would bypass the collective bargaining representative and could risk a violation of section 8(a)(5) of the National Labor Relations Act ("NLRA"). 29 U.S.C. § 158. Defendants' conduct was therefore consistent with the terms of the CBA and the law providing that the Union was Plaintiff's exclusive representative.

Although Plaintiff claims that "constitutional issues remain," he fails to articulate any basis for his argument. (Opp'n at 3:20.) Defendants' alleged refusal to communicate with Plaintiff's outside counsel did not prevent Plaintiff from *consulting with* counsel of his choice. See Malone v. U.S. Postal Service, 526 F.2d 1099, 1107 (6th Cir. 1975) (neither section 9(a) of the NLRA nor the

CBA required employers to meet with independently retained counsel in grievance proceedings where the Union had been designated as the exclusive bargaining representative)).  Moreover, Ninth Circuit and California legal authority have found that due process is satisfied by collective bargaining agreements with grievance and arbitration procedures similar to that of the CBA in this case.  See e.g., Jones v. Omnitrans, 125 Cal. App. 4th 273 (2004) (due process is satisfied by CBA that affords the employee notice, an opportunity to be heard, and the opportunity for arbitration of his grievances); Armstrong v. Meyers, 964 F.2d 948 (9th Cir. 1992) (three-step grievance and arbitration procedure provided employee with due process).  Therefore, the Court finds that the unambiguous terms of the CBA, as well as fundamental union law, require Plaintiff to seek a remedy through exhaustion of the processes outlined in the CBA.

Because Plaintiff's exclusive remedy for the grievance he has against Defendants is the process outlined in the CBA, his claims are improvidently raised here.  The Court does not believe that any amendment would cure this defect in Plaintiff's Complaint.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss, with prejudice.


Dated: April 5, 2006                                              /s/ James Ware
05cv4131mtd                                                       JAMES WARE
                                                                  United States District Judge

7

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Carol Capri Copsey ccopsey@gordonrees.com
Michael Terence Lucey mlucey@gordonrees.com
Steven D Zavodnick szavodnick@verizon.net

**Dated: April 5, 2006**                                    **Richard W. Wieking, Clerk**

                                                            **By:_/s/ JW Chambers_____**
                                                                **Melissa Peralta**
                                                                **Courtroom Deputy**